

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable E. W. Wright
Member, State Board of Health
Bowie, Texas

Opinion No. O-4409
Re: Member of Texas Defense Guard
holding civil office.

Dear Sir:

Your letter of recent date submits to this department a request for an opinion upon the following question:

Will your acceptance of and qualification for an office in the Texas Defense Guard jeopardize your position as a Member of the State Board of Health?

Evidently you have in mind the provisions of our Constitution, Article XVI, Sections 33 and 40, and wish to know whether your acceptance of an office in the Texas Defense Guard will vacate your office on the State Board of Health, and prevent you from receiving the compensation attached thereto.

The Constitution, Article XVI, Section 33 provides:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy and Marine Corps. (Sec. 33, Art. 16, adopted election Nov. 8, 1932)

Constitution, Article XVI, Section 40, provides:

"No person shall hold or exercise, at the same time,
more than one Civil Office of emolument, except that of
Justice of Peace, County Commissioner, Notary Public and
Postmaster, Officer of the National Guard, the National
Guard Reserve, and the Officers Reserve Corps of the United
States and enlisted men of the National Guard, the National
Guard Reserve, and the Organized Reserves of the United
States, and retired officers of the United States Army,
Navy, and Marine Corps, and retired warrant officers, and
retired enlisted men of the United States Army, Navy, and
Marine Corps, unless otherwise specially provided herein.
Provided, that nothing in this Constitution shall be con-
strued to prohibit an officer or enlisted man of the
National Guard, and the National Guard Reserve, or an of-
ficer in the Officers Reserve Corps of the United States,
or an enlisted man in the Organized Reserves of the United
States; or retired officers of the United States Army,
Navy, and Marine Corps, and retired warrant officers, and
retired enlisted men of the United States Army, Navy, and
Marine Corps, from holding in conjunction with such office
any other office or position of honor, trust or profit,
under this State or the United States, or from voting at
any Election; General, Special or Primary, in this State
when otherwise qualified. (Sec. 40, Art. 16, adopted
election Nov. 8, 1932.)"

The question presents itself whether the proviso attached
to each of the foregoing articles applies to officers and enlisted
men of the "Texas Defense Guard".

Clearly, officers and enlisted men of the National Guard
of Texas may hold a civil office under this State and receive the
compensation attaching thereto while they are members of that mili-
tary organization, and even after they are inducted as such into the
active military service of the United States. Carpenter v. Sheppard,
135 Tex. 413, 145 S.W. (2d) 562. However, the "Texas Defense Guard"
had no existence at the time these provisos were made a part of our
Constitution, and, therefore, the "Texas Defense Guard" is not men-
tioned therein as is the "National Guard of Texas".

Does the phrase "National Guard of Texas", as used in the
provisos, embrace and include the organization named the "Texas De-
fense Guard"? We are of the opinion that it does.

The problem of construction is essentially an exercise in
semantics. Words and phrases used in legislation are to be interpreted
liberally in order effectually to achieve the purpose of the legis-
lation. While that purpose must be gathered from the language used,
the will of the legislators is not to be thwarted by imputing a literal
and a narrow meaning to the language they have selected to express

their thought. Rather, we must seek the essential meaning or idea intended to be conveyed, rather than the superficial and restricted meaning which the words used may likewise convey. Thus, the word "carriage", in our exemption statutes, includes an automobile. Parker v. Sweet, 127 S. W. 881.

It is true that the "Texas Defense Guard" is not named in the provisos. The "National Guard of Texas" is. But the "Texas Defense Guard" differs from the "National Guard of Texas" only in the following respects: (1) in name; (2) in the fact that it is to be organized and maintained only during the period while the National Guard of Texas, or a part of it, is in active federal service; and (3) in that it is not subject, as such, to federal service, though its individual member may be taken as any other citizen into federal service. Vernon's Revised Civil Statutes, Article 5891a; 32 U.S.C.A., Sec. 194.

We are of the opinion that the phrase "National Guard of Texas" was used in the provisos to indicate the organized militia of the State, rather than that organization of the militia, as then constituted, known as the "National Guard of Texas". To hold otherwise would be to observe the form and ignore the substance.

Since both the "National Guard of Texas" and the "Texas Defense Guard" are components of the organized militia of this State, it follows that your membership in the Texas Defense Guard will not prejudice your position with the State Board of Health.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/

E. W. Fairchild
Assistant

APPROVED APR 14, 1942
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

EWF:AGM:LM
APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN

EWF:mw